UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL BAKER** | **CASE NO. 2:23-CV-00841** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONWIDE ASSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 16] filed under Federal Rule of Civil Procedure 12(b)(5) by defendants Leo Patino and Jesus Ayala. Plaintiff opposes the motion. Doc. 18.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on or about March 2, 2023. On that date, plaintiff alleges, he was traveling northbound on Louisiana Highway 111 in Beauregard Parish when he was involved in a hit-and-run accident with a pickup truck driven by an unknown individual as it merged from the shoulder onto the highway.[1] Doc. 1, att. 1. Plaintiff also alleged that the driver was employed by and acting within the scope of his employment with "JESUS AYALA, JR., individually and d/b/a AYALA BORING CONSTRUCTION, INC.," and/or "LEO PATINO D/B/A AMERICAN DRILLING INC." *Id.* Accordingly, he filed suit in the 36th Judicial District Court,

---

[1] Plaintiff asserts that the vehicle was disabled in the crash, leaving the VIN and license plate evidence available to trace back to Ayala as the owner. Doc. 18, p. 2.

Beauregard Parish, Louisiana, on May 12, 2023, raising claims against Ayala and Patino individually and as representatives of their respective companies, the "John Doe" driver, and Nationwide Assurance Company as the alleged insurer of Ayala and/or Patino. *Id.* In the complaint plaintiff requested service on Ayala, Patino, and their companies at four different addresses where they had apparently been located via background checks.[2] Doc. 1; *see* doc. 18.

Nationwide removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The Notice of Removal indicated that it was brought by Ayala and Patino as well, and that they were represented by the same attorney as Nationwide. *Id.* On July 25, 2023, plaintiff filed affidavits of service on Ayala, Patino, and their respective businesses, purporting to show that they had been served under Louisiana's long-arm statute on June 5, 2023, at an address in Bensenville, Illinois. Doc. 12, atts. 1–4. Ayala and Patino then filed a motion to dismiss the claims against them under Rule 12(b)(5) for insufficient service of process. Doc. 16. Specifically, they deny that they were properly served at that address and instead claim to be domiciled in Texas. *Id.* Plaintiff opposes the motion, arguing that Ayala and Patino have waived their objections to service and that plaintiff should be excused based on his diligent efforts to locate correct addresses for the pair. Doc. 18.

---

[2] The addresses are repeated between the parties and are: 1113 Stoneham Street in Bensenville, Illinois; 1121 Hermitage Circle in Hoffman Estates, Illinois; 1060 Guadalupe Street in Austin, Texas; and 1060 Guadalupe Street in Cotulla, Texas. *See* doc. 1, att. 1, p. 9.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Application

The ninety-day period under Rule 4(m) expired on August 10, 2023. Defendants have provided affidavits indicating that service at the Illinois address was improper because they do not reside at that address and are instead Texas residents.[3] *See* doc. 16, att. 4. There is nothing to indicate that defendants have formally waived service. This action, however, is in its infancy and the court can find no prejudice based on the delay in service. Plaintiff has apparently made a diligent search for the addresses of defendants but has been unable to locate them. Defendants' whereabouts are, however, known to counsel for Nationwide, who also represents them and has obtained affidavits from them. The case cannot proceed against Nationwide until the unserved defendants are properly brought into the suit. Accordingly, the court finds good cause to extend the time for effecting service. Counsel for Nationwide will also be ordered to provide addresses for his other clients so that this matter may proceed.

---

[3] They also clarify that the address in Bensenville, Illinois, is the residence of Patino's father and Ayala's brother-in-law. *Id.*

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 16] will be **DENIED**. The deadline for effecting service under Rule 4(m) will be extended to October 31, 2023, and defense counsel will be ordered to provide plaintiff's counsel with updated addresses for the unserved defendants by October 1, 2023.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of September, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE