UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL BAKER** | **CASE NO. 2:23-CV-00841** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONWIDE ASSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 25] filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by defendant Jesus Ayala. The motion is regarded as unopposed.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on or about March 2, 2023. On that date, plaintiff alleges, he was traveling northbound on Louisiana Highway 111 in Beauregard Parish when he was involved in a hit-and-run accident with a pickup truck driven by an unknown individual as it merged from the shoulder onto the highway.[1] Doc. 1, att. 1. Plaintiff also alleged that the driver was employed by and acting within the scope of his employment with "JESUS AYALA, JR., individually and d/b/a AYALA BORING CONSTRUCTION, INC.," and/or "LEO PATINO D/B/A AMERICAN DRILLING INC." *Id.* Accordingly, he filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana, on May 12, 2023, raising claims against Ayala and Patino

---

[1] Plaintiff asserts that the vehicle was disabled in the crash, leaving the VIN and license plate evidence available to trace back to Ayala as the owner. Doc. 18, p. 2.

individually and as representatives of their respective companies, the "John Doe" driver, and Nationwide Assurance Company as the alleged insurer of Ayala and/or Patino. *Id.*

Nationwide removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Ayala and Patino brought a motion to dismiss for insufficient service, which the court denied based on a finding of good cause for plaintiff's inability to locate the defendants' correct addresses. Doc. 19. The court further ordered Nationwide's attorney to provide correct addresses to plaintiff. *Id.* Ayala and Patino have now been served, and Ayala brings this motion to dismiss the claims against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Doc. 25. Specifically, he argues that he is a Texas resident who is the sole member of JKL Directional Drilling, LLC ("JKL"), a Texas company that was acting as subcontractor on a job running fiber optic cable in Southwest Louisiana at the time of the accident. Ayala further avers that he was never actually in Louisiana on the job, that he did not direct the day laborer to drive the truck, and that he had no role in the incident beyond company owner. Plaintiff has filed no response within the time set out by the court's notice of motion setting and the motion is therefore regarded as unopposed.

## II.
### LAW & APPLICATION

**A. Legal Standards**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over a nonresident defendant. *E.g.*, *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The court may determine

jurisdictional issues through evidence outside the pleadings. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985); *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). Uncontroverted allegations in the pleadings must be taken as true, however, and conflicts in the parties' affidavits must be resolved in plaintiff's favor. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After plaintiff has made a prima facie case, the burden shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Personal jurisdiction over a defendant exists if (1) the forum state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Louisiana's long-arm statute extends as far as permitted by due process, merging these two factors. *Rainey v. J&S Truck Sales, LLC*, 614 F.Supp.3d 293, 299 (M.D. La. 2022) (citing *Petroleum Helicopters, Inc. v. Avco Corp.*, 834 F.2d 510, 512 (5th Cir. 1987)). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the protections of the forum state by establishing "minimum contacts" therewith and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts may be established through either general or specific jurisdiction. *Ford v. Mentor Worldwide, LLC*, 2 F.Supp.3d 898, 903 (E.D. La. 2014). General jurisdiction arises from "continuous and systematic" contacts with the forum state,

even when the cause of action bears no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). Specific jurisdiction, on the other hand, is case-linked and confined to "adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Only specific personal jurisdiction is at issue here. In the Fifth Circuit, courts evaluate the issue with a three-step analysis. *Deep South Comms., LLC v. Fellegy*, 652 F.Supp.3d 636, 652 (M.D. La. 2023) (citing *Pignone v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002)). First, the court determines whether minimum contacts exist between the defendant and the forum state. Then the court considers whether the cause of action "arises out of or results from the defendant's forum-related contacts." *Id.* Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that an exercise thereof "would be unfair or unreasonable." *Id.* (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).

### B. Application

Plaintiff alleges, in relevant part, that John Doe was acting in the course and scope of his employment with Patino, d/b/a Ayala Boring Construction, Inc. at the time of the accident. Doc. 1, att. 1, p. 5. Ayala responds with an affidavit, in which he states the following: (1) he is a Texas resident and JKL is a Texas LLC of which he is sole member; (2) he signed a contract with GulfGate Construction in December 2022 to be a subcontractor on its job laying fiber optic cable in Louisiana; (3) he did not go to Louisiana in connection with this job and instead sent Patino to run the job; and (4) he had no personal

involvement of the job and thus no personal knowledge of the facts and circumstances surrounding the motor vehicle accident. Doc. 25, att. 3. In an accompanying 12(b)(2) motion Patino has also provided an affidavit, stating in relevant part: (1) at the time of the accident, he was running this job for JKL; (2) he had left the job site to return to Texas when the accident occurred; and (3) he had not directed the day laborer to drive the truck and does not know why he was driving it. Doc. 24, att. 3.

  Patino and Ayala's uncontroverted affidavits would appear to defeat any claim of vicarious liability, as they show that John Doe was not acting within the course and scope of his employment with JKL when the accident occurred. These issues go to the merits of plaintiff's cause of action. The Fifth Circuit has recognized, however, that when personal jurisdiction is based on the commission of a tort in the forum state, "the jurisdictional question involves some of the same issues as the merits of the case, and the plaintiff must make a prima facie case on the merits to withstand a motion to dismiss under rule 12(b)(2)." *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982). Based on the record before the court, plaintiff has not made out a prima facie case of showing a tort committed by Patino within this state. Accordingly, the court has no basis for exercising personal jurisdiction over him.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 25] will be **GRANTED** and all claims against defendant Jesus Ayala will be **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of January, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**